# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-254V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
CHARMAINE JOHNSON, individually and      *
as legal representative of her minor daughter, K.J.,  *
                                         *                Special Master Corcoran
          Petitioner,                    *
                                         *                Dated: June 6, 2017
          v.                             *
                                         *                Attorney's Fees and Costs;
                                         *                Interim Fees; Expert Costs.
SECRETARY OF HEALTH AND                  *
HUMAN SERVICES,                          *
                                         *
          Respondent.                    *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Sean F. Greenwood*, The Greenwood Law Firm, Houston, TX, for Petitioner.

*Ilene C. Albala*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 31, 2014, Charmaine Johnson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] on behalf of her minor daughter, K.J. Petitioner alleges that K.J. suffers from a variety of injuries, including leg pain, joint pain, difficulty breathing, eye drooping, and fatigue, as a result of receiving the third dose of the human papillomavirus ("HPV") vaccine on February 16, 2011. An entitlement hearing is set for October 12, 2017.

---

[1] This Decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims's website. However, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $47,745.76 (representing $37,913.00 in attorney's fees and $9,832.76 in costs). *See generally* Motion for Interim Attorney's Fees and Expenses, filed May 1, 2017 (ECF No. 61) ("Interim Fees App.").

Respondent reacted to the motion on May 16, 2017, opposing an award of interim fees and costs at this time. ECF No. 62 ("Opp."). Respondent alleged that Petitioner has not made any special showing justifying an award of interim fees and costs, and that the length of the proceedings to date are largely due to Petitioner's dilatory attempts to obtain and submit basic evidence such as medical records and an expert report. Opp. at 2. In the alternative, if I determine an interim award is appropriate, Respondent defers to my discretion to determine its reasonable amount. Opp. at 4. Petitioner thereafter filed a reply on May 18, 2017, reiterating why she believes this case merits an award of interim fees and costs. ECF No. 63 ("Reply").

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$40,245.76.**

## Procedural History

This action has been pending for over three years. Pet. at 1, filed March 31, 2014 (ECF No. 1). As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Sean Greenwood, Esq., began working on the matter on March 7, 2014, the same month in which the case was filed. *See* Ex. 2 to Interim Fees App. (ECF No. 61-2) at 1. However, the case proceeded somewhat slowly, as Petitioner took until January 2015 to file sufficient medical records for Respondent to prepare his Rule 4(c) Report, which was then filed on March 13, 2015. ECF No. 23.

After three extensions of time, Petitioner filed an expert report from Dr. Yehuda Shoenfeld on September 10, 2015. ECF No. 35. Respondent then filed his responsive expert report from Dr. Kenneth Mack on December 23, 2015, after also requesting an extension of time. ECF No. 39. Thereafter, Petitioner underwent additional testing relevant to the case, and filed those new test results (after even more extensions of time) on October 6, 2016. ECF No. 52. Petitioner also attempted to informally settle the case, but those attempts were unsuccessful. ECF Nos. 54, 56. Thus, I scheduled the matter for an entitlement hearing on October 12, 2017. ECF No. 58. Respondent filed a final supplemental expert report from Dr. Mack on February 16, 2017. ECF No. 59.

Petitioner filed the present interim request for an award of attorney's fees and costs on March 1, 2017. Interim Fees App. In it, Petitioner argues that this case meets the requirements for an award of interim attorney's fees and costs as set forth in *Avera v. Sec'y of Health & Human*

*Servs.*, 75 Fed. Cl. 400, 406 (2007). Particularly, she argues that this is a "good faith" case, the expenses sought are significant and cause an undue hardship, and it will likely be a substantial period before the case is resolved. *Id.* at 5, 11-12.

Petitioner specifically requests that Sean Greenwood be compensated at a rate of $325 per hour. *Id.* at 7. She further requests that Mr. Greenwood's law clerk, listed as "LC" on the billing entries, receive a rate of $100 per hour. *Id.* at 6. She also asks that Mr. Greenwood's associate, indicated by "SXC" on the billing entries, receive compensation at a rate of $150 per hour. *Id.* at 7. Petitioner additionally requests $9,832.76 in litigation costs, of which $7,500.00 is associated with work performed by Petitioner's expert. *Id.* at 1.

Respondent filed a brief in reaction on May 16, 2017. *See generally* Opp. He objects to the payment of interim fees and costs at this time, as he does not believe that this case fits the circumstances set forth in *Avera* justifying an interim award. *Id.* at 1. Specifically, though the case has been pending for three years, Respondent notes that the proceedings have only been protracted due to Petitioner's own delay in filing the necessary medical records and expert reports. *Id.* at 2. He also rebuts Petitioner's assertion that denial of interim fees will cause an undue hardship, because Petitioner herself has not paid out significant amounts for which she needs reimbursement. *Id.* at 3. Rather, Petitioner's counsel argues that as a solo practitioner, he experiences undue hardship by having to solely fund these vaccine cases with no reimbursement until the end of the case. *Id.* Respondent disputes that *Avera* contemplated the hardship on a petitioner's counsel, and instead argues that it only applies to hardships on petitioners themselves. *Id.* In the event that I were to find Petitioner is entitled to an interim award of fees and costs, Respondent requests that I exercise my discretion to determine an appropriate amount. *Id.* at 4-5.

Petitioner thereafter filed a reply on May 18, 2017, again asserting that she has met the requirements for an award of interim fees and costs. Reply at 1. Petitioner first noted that the delay in the case was due to uncontrollable circumstances, as Petitioner had difficulty obtaining necessary records from Children's Hospital of Alabama, and Petitioner required additional testing that necessitated additional records and input from her expert. *Id.* at 2. Additionally, Petitioner notes that the undue hardship requirement in *Avera* was created to ensure that petitioners could compensate counsel in order to fully litigate their cases. *Id.* at 3. Due to the fact that this complex case will likely continue for at least another year due to the upcoming entitlement hearing and any post-hearing briefing, Petitioner argues that she will continue to incur fees that will negatively impact her counsel's small firm by requiring that the firm bear the costs of litigating this case before receiving any payment. *Id.*

## ANALYSIS

## I.   Legal Standard Applicable to Interim Fees and Costs Requests

3

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here, meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

Here, I find that Petitioner has made a showing sufficient to justify some award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested is more than $30,000; 2) if expert costs are requested, the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, *slip op.* at 3 (Apr. 17, 2017). This matter has been pending for over three years, and it is not scheduled for hearing until October of this year, thus imposing a hardship on Petitioner and her counsel for the outstanding fees and costs not yet awarded since the case's initiation. The total amount of attorney's fees requested is also over the minimum threshold that I find to be appropriate, and it is very likely Petitioner will continue to incur additional attorney's fees as this matter continues to trial after this year. Therefore, while I do not always find an interim fees award appropriate, this case merits some interim award.

## II.     Challenges to the Amounts Requested for Petitioner's Attorney

I must now evaluate what the magnitude of Petitioner's interim attorney's fee award should be. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of

hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that Mr. Greenwood, his associate, and a law clerk who worked on this matter be reimbursed at varying rates for work performed from 2014-2017, as detailed above. Houston, Texas (where Petitioner's counsel practices) has been found to be "in-forum," and therefore attorneys practicing there are justified to the forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *See, e.g., Hudson v. Sec'y of Health & Human Servs.*, No. 15-114V, 2016 WL 3571709, at *3 (Fed. Cl. Spec. Mstr. June 3, 2016); *Garrett v. Sec'y of Health & Human Servs.*, No. 14-17V, 2014 WL 6237497, at *7 (Fed. Cl. Spec. Mstr. Oct. 27, 2014). Recently, another special master awarded the requested rates herein to Mr. Greenwood. *See Harman v. Sec'y of Health & Human Servs.*, No. 13-796V, 2017 WL 1315704, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2017). I find that the requested rates are appropriately within the forum rate ranges commensurate with these individuals' experience, and therefore they will be awarded.

Additionally, the hours expended on this matter appear to be reasonable. This case has been pending since March 2014. Mr. Greenwood has spent a total of 112.20 hours on the case, his associate performed 5.7 hours of work, and his law clerk expended 5.9 hours on the matter. Interim Fees App. at 6-7. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, these hours will be reimbursed in full.

## III.   Challenges to Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Such costs include expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner's requested litigation costs include the time of her expert, Dr. Shoenfeld, who charged an hourly rate of $500 for 15 hours of work. Ex. 4 to Interim Fees App. at 1. This rate is higher than what has previously been awarded to Dr. Shoenfeld. *See Carda v. Sec'y of Health & Human Servs.*, No. 14-191V, 2016 WL 5224406, at *4 (Fed. Cl. Spec. Mstr. Aug. 19, 2016) (noting several decisions in which Dr. Shoenfeld has been limited to $400 per hour). However, I need not yet determine the appropriate rate for Dr. Shoenfeld, as I will not award his expert fees at this juncture. This is in part due to the fact that, in my experience, the expert's value to the case is best determined after the expert has testified. *Bell v. Sec'y of Health & Human Servs.*, No. 13-709, 2015 WL 10434882, at *3-4 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). Instead, immediately after the hearing (at which time I can better judge the value that Petitioner's expert added to the case's resolution), Petitioner may renew the present request, supplementing it with statements or invoices reflecting any additional expert costs that have been incurred. Therefore, I defer resolution of this aspect of Petitioner's motion until after the hearing. *See, e.g., Auch*, 2016 WL 3944701, at *16-17; *Roberts v. Sec'y of Health & Human Servs.*, No. 09-427V, 2013 WL 2284989 (Fed. Cl. Spec. Mstr. Apr. 30, 2013) (granting interim award of expert costs after conclusion of hearing but before issuance of entitlement decision).

Petitioner also requests $430.00 for her consultation with Dr. Svetlana Blitshteyn. Ex. 4 to Interim Fees App. at 4-5. Dr. Blitshteyn originally saw K.J. for a neurology consult (ECF No. 34), and I later requested that Petitioner meet with Dr. Blitshteyn again to determine if there was any additional testing or evaluation that could confirm the presence of an autonomic disorder in K.J. *See* Scheduling Order dated April 12, 2016; ECF No. 42. The consultation with Dr. Blitshteyn resulted in K.J. undergoing a tilt-table test, which was helpful in determining K.J.'s exact injury and will aid in the resolution of this case. ECF No. 42. Dr. Blitshteyn's "quasi" expert role, as well as the fact that she will not testify in this matter, leads me to determine that it is appropriate to reimburse her at this time (unlike Dr. Shoenfeld).

Therefore, I will award $2,332.76 in litigation costs, representing payments made for medical records, filing fees, consultation with Dr. Blitshteyn, and the cost of a tilt table test. *See* Ex. 2 to Interim Fees App. at 1 (ECF No. 61-2); Ex. 3 to Interim Fees App. at 11 (ECF No. 61-3); Ex. 4 to Interim Fees App. at 4-5.

**CONCLUSION**

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees. I award a total of **$40,245.76** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Sean Greenwood, Esq., representing attorney's fees in the amount of $37,913.00, plus costs in the amount of $2,332.76.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.