# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-254V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
KAILEY JOHNSON,                       *
                                      *
                                      *       Special Master Corcoran
              Petitioner,             *
                                      *       Dated: July 3, 2018
       v.                             *
                                      *
                                      *       Attorney's Fees and Costs.
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Sean F. Greenwood*, The Greenwood Law Firm, Houston, TX, for Petitioner.

*Ilene C. Albala*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]**

On March 31, 2014, Charmaine Johnson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] on behalf of her then-minor daughter, Kailey Johnson, now the named petitioner. An entitlement hearing was held on October 12, 2017, in Washington, DC, and on March 23, 2018, I issued my decision denying entitlement and dismissing the petition. ECF No. 97. Thereafter, Petitioner elected to accept judgment. ECF No. 99.

---

[1] This Decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims' website. However, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner previously requested an interim award of attorney's fees and costs, which I partially awarded on June 6, 2017. ECF No. 64. Petitioner has now filed a final motion for attorney's fees and costs, asking for a total of $114,309.76 - $76,003.96 in attorney's fees, $12,345.66 in non-expert costs, $21,500.40 in expert witness costs, and $4,459.74 for costs personally incurred by Petitioner. Mot. for Attorney's Fees, at 1 ("Fees App.") (ECF No. 19).

Respondent reacted to the motion on June 19, 2018, representing that he believes the statutory requirements for an award of attorney's fees and costs are met in this case and deferring to my discretion to determine a reasonable award. Response at 2-3, ECF No. 104.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time final fees and costs in the total amount of **$81,608.76.**

## PROCEDURAL HISTORY

A brief recitation of the procedural history of this case was provided in my decision granting an interim award of fees and costs. *See Johnson v. Sec'y of Health & Human Servs.*, No. 14-254V, 2017 WL 2927307 (Fed. Cl. Spec. Mstr. June 6, 2017). Since that time, Petitioner has filed numerous exhibits and an entitlement hearing was held on October 12, 2017, in Washington, DC, after which I issued my decision denying entitlement.

Petitioner filed the present request for a final award of fees and costs on June 19, 2018. *See generally* Fees App. Petitioner specifically requests that her attorney, Mr. Sean Greenwood, receive $325.00 per hour for work performed in 2017 and $337.00 per hour for work performed in 2018. Petitioner also requests that Mr. Greenwood's associate, Ms. Kayleigh Smith, receive $207.00 per hour for work performed in 2017 and $215.00 per hour for work performed in 2018. Fees App. at 8, 10. As for costs, Petitioner requests $21,500.40 for the work of her expert witness, Dr. Yehuda Shoenfeld, and $12,345.66 in costs associated with the hearing for this case, including travel, lodging, and food. Exhibit 4 to Fees App. ("Ex. 4") at 12-16. Finally, Petitioner requests $4,459.74 in costs she personally incurred to travel to Washington, DC for the entitlement hearing. *Id.*

## ANALYSIS

**I.      Legal Standard Applicable to Fees and Costs Requests**

Unsuccessful petitioners may be awarded reasonable fees and costs if, in the special master's exercise of discretion, such an award is appropriate (and, as in the case of successful claims, the requested fees and costs are reasonable). I have in other decisions addressed at length the legal standard applicable to evaluating the propriety of a fees request in an unsuccessful case

2

*See, e.g*, *R.V. v. Sec'y of Health & Human Servs.*, No. 08–504V, 2016 WL 7575568 (Fed. Cl. Spec. Mstr. Nov. 28, 2016). The primary factors to be considered under such circumstances are whether (a) the petition was brought in good faith; and (b) there was reasonable basis for which the petition was brought. Section 15(e)(1); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012). Determining whether a petition was filed in good faith is a subjective inquiry, and can be established as long as the petitioner demonstrates an honest belief that he has suffered a compensable injury. *See Lemaire v. Sec'y of Health & Human Servs.,* No. 13–681V, 2016 WL 5224400, at *3 (Fed. Cl. Spec. Mstr. Aug. 12, 2016). A claim's reasonable basis involves application of objective criteria which looks to the feasibility of the claim rather than to its likelihood of success. *Id.* at 4.

Assuming an award is appropriate, determining the amount of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Although Petitioner was not successful in pursuing her claim, I find that the matter had sufficient reasonable basis to justify a final award of fees. I do not doubt that the claim was brought in a good-faith belief that the HPV vaccine had something to do with K.J.'s postural orthostatic tachycardia syndrome ("POTS"). In addition, the claim possessed sufficient objective support to meet the second half of the reasonable basis test (and Respondent has not argued otherwise). Accordingly, a final award of attorney's fees and costs is proper.

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

**II.     Amounts Requested for Petitioner's Attorneys**

I must now evaluate what the magnitude of Petitioner's attorney's fees award should be. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

First, I must determine the propriety of the rates requested for Mr. Greenwood and Ms. Smith. As established in the interim fees decision, Mr. Greenwood and his associates are entitled to forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *See, e.g., Hudson v. Sec'y of Health & Human Servs.*, No. 15-114V, 2016 WL 3571709, at *3 (Fed. Cl. Spec. Mstr. June 3, 2016); *Garrett v. Sec'y of Health & Human Servs.*, No. 14-17V, 2014 WL 6237497, at *7 (Fed. Cl. Spec. Mstr. Oct. 27, 2014); *Harman v. Sec'y of Health & Human Servs.*, No. 13-796V, 2017 WL 1315704, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2017).

This is the first chance I have had to consider the proposed 2018 rate for Mr. Greenwood and Ms. Smith. I find Mr. Greenwood's proposed rate of $337.00 per hour for 2018 work reasonable because it falls within the special masters' prescribed range for 2018 for attorneys with similar experience.[4] However, the rates requested for Ms. Smith require some adjustment. It appears that Ms. Smith has billed different, increasing rates throughout 2017. Until May 2017, Ms. Smith billed at the rate of $150.00 per hour. Thereafter, she billed one entry in May at $205.79 per hour, and then the rest of her hours for 2017 at $207.00 per hour. *See* Ex. 4 at 1-10. Petitioner indicates that this increase is due to the fact that in May 2017 Ms. Smith reached two years of experience. Fees App. at 10. However, the fees schedule promulgated by the Office of Special Masters makes no distinction between attorneys with experience under four years – therefore reaching two years of experience is not a meaningful threshold in and of itself. Because the rate of $207.00 exceeds the amount already awarded to Ms. Smith for work performed in 2017, I find that Ms. Smith must be compensated for all work performed in 2017 at the rate of $150.00 per hour. This determination is in line with what other special masters have determined concerning Ms. Smith's 2017 rate. *See Prokopchuk v. Sec'y of Health & Human Servs.*, No. 16-881V, ECF No. 50, at 2. The rate of $215.00 per hour, however, is reasonable for work performed in 2018. This

---

[4] See Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2018, accessible at http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

4

results in a reduction of **$8,319.60**.[5]

The hours expended on this matter also requires some adjustment. The billing statement indicates that Ms. Smith accounted for 24 separate entries totaling 22.8 hours working on the instant motion for attorney's fees, with Mr. Greenwood spending an additional 0.8 hours working on the motion. Ex. 4 at 10-12. Given that this motion is largely repetitive of both the interim fees application filed in this case (ECF No. 61) and fees applications submitted by Mr. Greenwood's firm in other cases (*see Prokopchuck*, No. 16-881V, ECF No. 47; *Holloway v. Sec'y of Health & Human Servs.*, No. 16-919V, ECF No. 41), I find that the total hours billed in the preparation of this motion to be excessive. I will instead only compensate Petitioner for half of the time Ms. Smith billed preparing this motion, which I deem a reasonable amount of time to devote to a final fees request similar to others requested by the same counsel, resulting in a reduction of **$2,451.00.**

### III.   Amounts Requested for Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault v. U.S.*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Such costs include expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests compensation in the amount of $21,500 for the time of her expert, Dr. Yehuda Shoenfeld, who charged an hourly rate of $500.00 per hour for 29 hours of work, plus an additional 28 hours billed at half-time for travel form Tel-Aviv, Israel to Washington, DC to testify at the entitlement hearing. Ex. 7, at 1. Given that Dr. Shoenfeld prepared three expert reports in this matter and testified at the entitlement hearing, I find the number of hours he billed to be reasonable. I have also found $500.00 per hour to be a reasonable rate for Dr. Shoenfeld's time. *See Schultz v. Sec'y of Health & Human Servs.*, No. 16-539V, 2018 WL 1835104, at * 4 (Fed. Cl. Spec. Mstr. Feb. 16, 2018). Other special masters have also recently compensated Dr. Shoenfeld at $500.00 per hour. *See Puckett v. Sec'y of Health & Human Servs.*, No. 15-929V, 2018 WL 2225067, at *3 (Fed. Cl. Spec. Mstr. April 17, 2018); *Bello v. Sec'y of Health & Human Servs.*, No. 13-349V, 2017 WL 785692 (Fed. Cl. Spec. Mstr. Jan. 24, 2017).

I find the rest of Petitioner's requested costs, which are largely related to travel for Mr. Greenwood, Ms. Smith, and Dr. Shoenfeld to Washington, DC, for the entitlement hearing, to be reasonable, and will award them in full, for a total of $12,345.66. Petitioner also seeks to recover

---

[5] $8,287.8 reduced for 145.4 hours billed at $207.00 per hour and 0.57 hours billed at $205.79 per hour. Ms. Smith billed her travel time from October 2017 at $75.00 per hour, one half of $150.00 per hour, and thus these hours require no further reduction.

$4,459.74 in personal expenses. I find this amount to be reasonable with one exception - Petitioner requests $430.00 in total as a client expense incurred from two phone consultations with Dr. Svetlana Blitshteyn. Ex. 4 at 12. However, I have already compensated Petitioner for this expense when I awarded her interim fees. *Johnson*, 2017 WL 2927307, at *4 ("Petitioner also requests $430.00 for her consultation with Dr. Svetlana Blitshteyn . . . . Dr. Blitshteyn's 'quasi' expert role, as well as the fact that she will not testify in the matter, leads me to determine that it is appropriate to reimburse her at this time . . . ."). Because Petitioner has already been reimbursed for this cost, I must reduce the instant award of costs by **$430.00**.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs as follows:

|  | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| **Attorney's Fees** | $76,003.96 | $10,770.60 | $65,233.36 |
| **Attorney's Costs** | $12,345.66 | $0.00 | $12,345.66 |
| **Petitioner's Costs** | $4,459.74 | $430.00 | $4,029.74 |

I award a total of **$77,579.02** in fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Sean Greenwood, Esq., representing attorney's fees in the amount of $65,233.36, plus costs in the amount of $12,345.66. I also award a total of **$4,029.74** in costs as a lump sum in the form of a check payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.